**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XUENENG YAN,<br><br>Petitioner,<br>v.<br><br>CRAIG A. LOWE, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-01987<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Respondent Craig Lowe's ("Lowe") motion for reconsideration of the Court's August 6, 2026 order. (Doc. 20). Petitioner Xueneng Yan ("Yan") initiated this action on July 15, 2026 by filing a petition for writ of habeas corpus seeking release from detention at the Pike County Correctional Facility or a bond hearing. (Doc. 1, at 3). On August 6, 2026, the Court granted Lowe's petition for writ of habeas corpus and ordered a bond hearing to be held before the undersigned on August 25, 2026. (Doc. 13, at 11-12). For the following reasons, Lowe's motion for reconsideration (Doc. 20) is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Yan's petition for writ of habeas corpus and traverse, Lowe's response to Yan's petition, Lowe's motion for reconsideration, and Yan's brief in opposition thereof. (Doc. 1; Doc. 7; Doc. 8; Doc. 20; Doc. 22). Yan is a citizen of the Peoples Republic of China, who entered the United States on or about September 24, 2023. (Doc. 1, at 2). United States Border Patrol subsequently encountered Yan and issued him a notice to appear, charging him with removability as a noncitizen who entered the United States without inspection. (Doc. 1, at 2; Doc. 7, at 2). On July 3, 2025, the Pennsylvania State Police arrested Yan and charged him with theft by deception and criminal conspiracy. (Doc.

1, at 2; Doc. 7, at 2). On December 17, 2025, Yan pled guilty to both offenses, and the Northampton County Court of Common Pleas sentenced Yan to six to twelve months confinement. (Doc. 1, at 2; Doc. 7, at 2).

On January 5, 2026, ICE transferred Yan to immigration detention pursuant to an immigration detainer and warrant. (Doc. 1, at 2; Doc. 7, at 2). Between July 17, 2026 and July 20, 2026, guards at the Pike County Correctional Facility placed Yan in solitary confinement after Yan informed them that he was experiencing a skin condition, which a medical professional later diagnosed as a bacterial infection. (Doc. 8, at 6; Doc. 8-1, at 1). Yan also asserts that he has been experiencing depression and suicide ideation while in immigration detention at the Pike County Correctional Facility. (Doc. 8, at 6; Doc. 8-1, at 1). On July 27, 2026, an immigration judge ordered Yan's removal during Yan's master calendar hearing. (Doc. 1, at 2; Doc. 7, at 2; Doc. 11, at 1); https://acis.eoir.justice.gov/en/caseInformation (last visited August 6, 2026). On August 5, 2026, Yan appealed his removal order to the Board of Immigration Appeals ("BIA"). (Doc. 11, at 1; Doc. 11-1, at 1). Yan remains detained at the Pike County Correctional Facility, where he has been in ICE custody for over seven months. (Doc. 1, at 3).

On July 15, 2026, Yan filed a petition for writ of habeas corpus seeking release from custody at the Pike County Correctional facility or a bond hearing. (Doc. 1). On August 6, 2026, the Court granted Yan's petition, finding that Yan's detention under 8 U.S.C. § 1226(c) had become unreasonable in violation of the Due Process Clause of the Fifth Amendment. (Doc. 12; Doc. 13). As a remedy, the Court ordered a bond hearing to occur before the undersigned on August 25, 2026, at which the government bears the burden to show with clear and convincing evidence that Yan's continued detention is necessary. (Doc. 13, at 11-

12). On August 12, 2026, the parties filed a joint motion to hold Yan's bond hearing via video conference, which the Court granted. (Doc. 16; Doc. 17). On August 19, 2026, Lowe filed a motion for reconsideration of the Court's August 6, 2026 order and a brief in support. (Doc. 20; Doc. 21). On August 20, 2026, Yan filed a brief in opposition to Lowe's motion for reconsideration. Accordingly, Lowe's motion for reconsideration is ripe and ready for disposition.

## II. LEGAL STANDARD

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Consistently, courts have concluded that a motion for reconsideration is not a proper avenue to relitigate issues already resolved by the Court. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001); *see Cabrera v. Scism*, No. 1:10-CV-1821, 2010 WL 4537910 (M.D. Pa. Nov. 3, 2010); *see also Cox v. Monica*, No. CIV.A. 1:07-CV-0534, 2008 WL 111991, at *3 (M.D. Pa. Jan. 9, 2008); *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D.Pa.1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd*, 31 F.3d 1174 (3d Cir. 1994).

## III. Discussion

In his motion for reconsideration, Lowe contends that the Court does not have jurisdiction to hold a bond hearing for Yan. (Doc. 21, at 1). Lowe avers that subsections 1252(b)(9), 1252(g), and 1226(e) of the Immigration and Nationality Act ("INA") strip the district courts of jurisdiction to conduct bond hearings for immigration detainees. (Doc. 21, at 3-4). Lowe further avers that district courts can only *review* and not *decide* bond hearings because to decide a bond hearing would be to improperly "step into the shoes of the executive." (Doc. 21, at 4). Lowe also submits that if a district court were to deny an immigration detainee bond, the detainee would have no avenue to appeal such a denial. (Doc. 21, at 7).

Yan counters that subsections 1252(b)(9), 1252(g), and 1226(e) of the INA do not bar the Court from holding Yan's bond hearing. (Doc. 23, at 2-3), as the length of Yan's detention is collateral to Yan's removal proceedings and fall outside of the INA's jurisdiction channeling provisions. (Doc. 23, at 3). Yan avers that 8 U.S.C. § 1226(e) also does not bar the Court's jurisdiction to hold Yan's bond hearing because § 1226(e) contains no explicit provision barring habeas review or a constitutional challenge to prolonged detention. (Doc. 23, at 2). Yan also contends that if a district court were to deny an immigration detainee bond, under 28 U.S.C. § 2253(a), a final order in a habeas corpus proceeding before a district judge is directly appealable to the court of appeals for the circuit in which the proceeding is held. (Doc. 23, at 6).

While the provisions of the INA limit district courts' jurisdiction to review claims related to removal proceedings, subsections 1252(b)(9), 1252(g), and 1226(e) do not strip district courts of authority to hear constitutional challenges to prolonged immigration

detention or to conduct bond hearings to remedy such constitutional violations. Section 1252(b)(9) of the INA provides that,

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.
>
> 8 U.S.C. § 1252(b)(9)

Section 1252(g) of the INA provides that,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.
>
> 8 U.S.C. § 1252(g)

In *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), the Supreme Court found that 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined. Then, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit held that habeas actions concerning whether a petitioner's detention has been unconstitutionally long and unreasonable are wholly collateral to removal proceedings and therefore not barred from district court review by § 1252(b)(9) or § 1252(g).

Section 1226(e) of the INA provides that,

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.
>
> 8 U.S.C. § 1226(e)

However, section 1226(e) of the INA does not bar habeas review nor does it bar constitutional challenges to prolonged immigration detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Furthermore, district courts' authority to conduct bond hearings in habeas corpus cases brought by immigration detainees is well-established. *Leslie v. Holder*, 865 F. Supp. 2d 627, 633 (M.D. Pa. 2012); *J.G.J. v. Sage*, No. 3:26-cv-706, 2026 WL 915576, at *11 n. 19 (M.D. Pa. April 3, 2026); *Centeno-Martinez v. Jamison*, No. 25-3593, 2025 WL 3157711, at *3 (E.D. Pa. Nov. 12, 2025); *Thaxter v. Sabol*, No. 1:14-cv-02413, 2016 WL 3077351, at *3 (M.D. Pa. June 1, 2016). This authority is not new or extraordinary; it is consistent with district courts' constitutional obligations in habeas corpus litigation. *Leslie*, 865 F. Supp. 2d at 634; *Mapp v. Reno*, 241 F.3d 221, 225 (2d Cir. 2001). District courts' authority to consider bail motions in habeas corpus matters has long been recognized in the Third Circuit and its sister circuits. *Leslie*, 865 F. Supp. 2d at 634-35; *see*, *e.g.*, *Lucas v. Hadden,* 790 F.2d 365, 367 (3d Cir.1986); *Eaton v. Holbrook,* 671 F.2d 670, 670 (1st Cir.1982); *Iuteri v. Nardoza,* 662 F.2d 159, 161 (2d Cir.1981); *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974). Such authority extends to habeas corpus petitions filed by immigration detainees. *Leslie*, 865 F. Supp. 2d at 634-35; *Leslie*, 678 F.3d at 271; *Mapp*, 241 F. 3d at 225-29; *see J.G.J.*, 2026 WL 915576, at *11 n.19. In fact, district courts in the Third Circuit have regularly exercised this authority and conducted bond hearings as the appropriate remedy to unreasonable detention under 8 U.S.C. § 1226(c), particularly where there is a risk of further constitutional injury due to delay. *Leslie*, 865 F. Supp. 2d at 634-35*;* *Centeno-Martinez*, 2025 WL 3157711, at *3; *Thaxter*, 2016 WL 3077351, at *3.

In *Leslie v. Holder*, 865 F. Supp. 2d 627, 633-634 (M.D. Pa. 2012), the district court held that it had jurisdiction to conduct an individualized bond hearing for a habeas petitioner

detained pursuant to 8 U.S.C. § 1226(c) based on both a mandate from the Third Circuit and its habeas corpus jurisdiction. In *Leslie*, the Third Circuit entered an opinion and order which concluded that the ongoing delay in the petitioner's underlying immigration case had become excessive and warranted habeas corpus relief in the form of a custody redetermination. 865 F. Supp. 2d at 630. The Third Circuit's opinion and mandate prescribed that "Leslie's appeal will be remanded to the District Court with instructions to conduct an individualized bond hearing as required by *Diop* within ten days of the date when this opinion and order are filed."[1] *Leslie*, 865 F. Supp. 2d at 631 (citing *Leslie v. Attorney General*, 678 F.3d 265, 271 (3d Cir. 2012).

Upon the issuance of the mandate, the district court initially granted the respondents' request that an immigration judge be given the first opportunity to conduct a bail review for the petitioner. *Leslie*, 865 F. Supp. 2d at 631. The district court was not required to grant respondents' request but did so out of deference to the agency decision making processes. *Leslie*, 865 F. Supp. 2d at 631, 633; *see Thaxter*, 2016 WL 3077351, at *3 ("While the Court understands, and can appreciate, that approach, deference to administrative, or agency, decisionmakers is not presently mandated in this context, where the most basic threat of personal liberty is at issue."). However, after an immigration judge "misallocated the burden of proof" and "neglected to fully address crucial procedural safeguards" during the petitioner's bond hearing, the district court granted the petitioner's renewed request for an individualized bond hearing and conducted the bond hearing itself. *Leslie*, 865 F. Supp. 2d at 632-33.

[1] Given that the Third Circuit directed that the petitioner's bond hearing be held in district court rather than immigration court, this Court concludes that the Third Circuit must have determined that the district court ***did*** have jurisdiction to conduct the petitioner's bond hearing. *See Leslie*, 865 F. Supp. 2d at 631; *see Leslie*, 678 F.3d at 271.

In denying the respondents' motion for reconsideration, which objected to the district court's consideration of the petitioner's bond eligibility, the district court determined that both the mandate from the Third Circuit and its habeas corpus jurisdiction empowered the district court to conduct bond proceedings in habeas corpus cases brought by immigration detainees. *Leslie*, 865 F. Supp. 2d at 633. The court noted that "the authority to conduct such hearings has long been recognized as an essential aspect of our federal habeas corpus jurisdiction" and that "there is nothing extraordinary or novel about this practice of conducting bail hearings in connection with federal immigration habeas corpus proceedings." *Leslie*, 865 F. Supp. 2d at 633 (citing *Occelin v. District Director*, No. 09-164, 2009 WL 1743742 (M.D. Pa. June 17, 2009); *Madrane v. Hogan,* 520 F.Supp.2d 654 (M.D.Pa.2007); *Victor v. Mukasey,* No. 08–1914, 2008 WL 5061810 (M.D. Pa. Nov. 25, 2008); *Nunez–Pimentel v. U.S. Dep't of Homeland Security,* No. 07–1915, 2008 WL 2593806 (M.D. Pa. June 27, 2008)).

Recently in *J.G.J. v. Sage*, 3:26-cv-706, 2026 WL 915576, at *11 n.19 (M.D. Pa. April 3, 2026), the district court noted that, while the appropriate route for the matter was a bond hearing before an immigration judge and subsequent review by the district court if necessary, the government conceded at oral argument that the district court had the authority to conduct the bond hearing for the immigration detainee. Lowe contends that *J.G.J.* no longer holds weight as the court granted a motion for reconsideration filed by the government in *Chi v. Lowe*, 3:26-cv-1805, Dkt No. 30 (M.D. Pa. Aug. 10, 2026), a case concerning district court review of an immigration judge's 8 U.S.C. § 1226(a) proceeding. However, Lowe mischaracterizes the decision in *Chi*. 3:26-cv-1805, Dkt No. 30. In *Chi*, the court granted respondent's motion for reconsideration via an order stating that immediate release was the proper remedy for the immigration judge's constitutionally deficient § 1226(a) bond hearing,

rather than a § 1226(a) bond hearing conducted by the district court. *Chi*, 3:26-cv-1805, Dkt No. 30. The order in *Chi* says nothing about the authority of district courts to conduct bond hearings for habeas petitioners whose 8 U.S.C. § 1226(c) detention has become unreasonable. *See* 3:26-cv-1805, Dkt No. 30. Additionally, while courts in the Third Circuit have found the proper remedy to constitutionally deficient bond hearings pursuant to 8 U.S.C. § 1226(a) is release from custody, district courts in the Third Circuit have regularly conducted the 8 U.S.C. § 1226(c) bond hearings themselves after an immigration judge's bond hearing for a petitioner was inadequate. *See*, *e.g.*, *Chiguano v. Lowe*, No. 1:24-cv-02210, 2025 WL 3187161, at *4 (M.D. Pa. Nov. 14, 2025); *Luciano-Jimenez v. Doll*, 543 F. Supp. 3d 69 (M.D. Pa. 2021); *Walker v. Lowe*, No. 15-0887, 2016 WL 4077269 (M.D. Pa. Aug. 1, 2016).

Finally, as to Lowe's contention that there will be a question of where to appeal a decision from a bond hearing conducted by this Court, under 28 U.S.C. § 2253(a), a final order in a habeas corpus proceeding before a district judge can be appealed to the circuit court of appeals for the circuit in which the proceedings are conducted. 28 U.S.C. § 2253(a); *see* R. 1(b), 28 U.S.C. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. § 2254]."). As immigration habeas petitions brought under 28 U.S.C. § 2241 do not arise out of state court processes or 28 U.S.C. § 2255 proceedings, a certificate of appealability is not required to bring an appeal of a final order to the appropriate court of appeals. 28 U.S.C. § 2253(c).

## IV. Conclusion

The Court has jurisdiction to conduct Yan's 8 U.S.C. § 1226(c) bond hearing. As Yan's habeas action challenges only his prolonged detention, not his removal proceedings, subsections 1252(b)(9), 1252(g), and 1226(e) do not strip the Court of jurisdiction. *Jennings*,

583 U.S. at 294; *Khalil*, 164 F.4th at 273; *Demore*, 538 U.S. at 517. District courts' authority to conduct bond hearings in habeas corpus cases brought by immigration detainees is well established, and the order in *Chi* does not controvert that authority. 3:26-cv-1805, Dkt No. 30; *Leslie*, 865 F. Supp. 2d at 633; *J.G.J.*, 2026 WL 915576, at *11 n. 19; *Centeno-Martinez*, 2025 WL 3157711, at *3; *Thaxter*, 2016 WL 3077351, at *3. The Court is not required to order Yan's bond hearing to be conducted by the immigration court, especially where a threat to Yan's personal liberty is at issue. *Thaxter*, 2016 WL 3077351, at *3. Finally, should Yan or the government wish to appeal the bond decision from the Court, they are able to appeal directly to the Third Circuit. 28 U.S.C. § 2253(a), (c). Considering the risk of further injury with delays and continued detention, the Court will conduct Yan's individualized bond hearing as scheduled. *See J.G.J.*, 2026 WL 915576, at *11 n.19 (collecting cases); *see Centeno-Martinez*, 2025 WL 3157711, at *3 (citing *Leslie*, 865 F. Supp. 2d at 634-35; *see also Thaxter*, 2016 WL 3077351, at *3.

For the foregoing reasons, Lowe's motion for reconsideration (Doc. 20) is **DENIED**. Yan's bond hearing will be held before the undersigned on **TUESDAY, AUGUST 25, 2026 at 11:30 a.m.** in Courtroom #1 of the William J. Nealon Federal Building and United States Courthouse and via video conference.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 24, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**